J. S55007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BROOKE A. YACOBOZZI, | : | No. 1614 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 14, 2014,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0000570-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BROOKE ANN YACOBOZZI, | : | No. 1615 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 14, 2014,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0001566-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER,* J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 08, 2015**

In these consolidated appeals,[1] appellant appeals the judgments of

sentence entered in two separate incidents for theft by deception.

---

* Retired Senior Judge assigned to the Superior Court.

[1] By order dated November 17, 2014, this court consolidated **sua sponte**
the appeals at Nos. 1614 WDA 2014 and 1615 WDA 2014.

Appointed counsel, Emily M. Merski, Esq., has filed petitions to withdraw from representation and briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). After careful review, we grant the petitions to withdraw and affirm the judgments of sentence.

On July 9, 2013, appellant appeared before the Honorable Ernest J. DiSantis, Jr., with her then counsel, David Ungerman, Esq. of the Public Defender's Office, to enter a plea of guilty to one count of theft by deception and one count of theft by unlawful taking. These charges, filed at Erie County Docket No. 570 of 2014, were brought as a result of an incident whereby appellant signed in to the Presque Isle Inn on September 25, 2013, and subsequently failed to pay rentals of $802 for a 30-day lease of the motel room. Appellant moved into the motel on a ruse claiming that because of water damage to her home, her insurance company would pay the rental fee. The motel also reported the theft of several electronic devices from the same room appellant occupied during the timeframe of her visit. The motel estimated that the cost of the missing items along with damage to the motel room totaled $3,500.

Appellant admitted to the fraudulent theft but entered a plea of *nolo contendere* for the theft of electronic items and room damages. On August 14, 2014, appellant was sentenced to 12 to 24 months' incarceration for theft by deception with 204 days of credit for time served. Appellant was

also sentenced to a concurrent term of 12 to 24 months' incarceration for theft by unlawful taking.[2] Appellant filed a timely post-sentence motion that was denied on September 2, 2014. A timely notice of appeal was filed at Superior Court Docket No. 1614 WDA 2014.

Additionally, on July 9, 2014, appellant entered a plea of guilty to one count of theft by deception. This charge, filed at Erie County Docket No. 1566 of 2014, was brought as a result of an incident occurring from May 13, 2013 to June 1, 2013, at the Days Inn in Summit Township. Appellant created a ruse that her residence was flooded and advised the Days Inn staff that Erie Insurance would be paying for her stay which totaled $1,107.40.

On August 14, 2014, appellant was sentenced to 12 to 24 months' incarceration to run consecutively to the sentence imposed at Erie County Docket No. 570 of 2014. Appellant was also ordered to pay restitution of $1,107.40. Appellant filed a timely post-sentence motion that was denied on September 2, 2014. A timely notice of appeal was filed at Superior Court Docket No. 1615 WDA 2014.

In both appeals, appellant raises the identical issue:

> Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

Appellant's briefs at 3.

---

[2] Restitution was also ordered in the amounts of $802 and $3,500.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an **Anders** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1)  provide a summary of the procedural history and facts, with citations to the record;
>
> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Commonwealth v. Santiago**, 978 A.2d at 361.

Upon review, we find that Attorney Merski has complied with all of the above requirements. In addition, Attorney Merski served appellant a copy of the **Anders** briefs, and advised her of her right to proceed **pro se** or hire a private attorney to raise any additional points she deemed worthy of this

- 4 -

court's review. Appellant has not responded to counsel's motions to withdraw. As we find the requirements of *Anders* and *Santiago* are met, we will proceed to the issues on appeal.

Appellant challenges the discretionary aspects of her sentence. This court has stated:

> A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super.2001)[,] *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). When challenging the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (*en banc*) (emphasis in original).

*Commonwealth v. McNear*, 852 A.2d 401, 407-408 (Pa.Super. 2004).

Additionally, we note that:

> Sentencing is a matter vested in the sound discretion of the trial court and the lower court's judgment of sentence will not be disturbed by an appellate court absent an abuse of discretion. To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently

> excessive. When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Clever***, 576 A.2d 1108, 1110 (Pa.Super. 1990) (citations omitted).

Instantly, appellant has complied with Rule 2119(f) by including the requisite statement in her briefs. (Appellant's briefs at 4-5.) In her sentencing challenge, appellant acknowledges that she received a standard range sentence that begins at the high end of the standard range.[3] (***Id.***) However, she maintains that the court failed to fully and adequately consider the relevant sentencing factors set forth in 42 Pa.C.S.A. § 9721(b), which include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." In light of these alleged errors, she avers that her sentence is manifestly excessive and an abuse of discretion.

---

[3] Appellant entered an open guilty plea. "Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." ***Commonwealth v. Roden***, 730 A.2d 995, 997 n.2 (Pa.Super. 1999), citing ***Commonwealth v. Reichle***, 589 A.2d 1140 (Pa.Super. 1991). "However, when the plea is open, containing no bargained for or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of her sentence." ***Id.*** citing ***Commonwealth v. Dalberto***, 648 A.2d 16 (Pa.Super. 1994). Here, appellant's plea agreements contained no specific bargained for or stated term of incarceration, and thus, her guilty pleas did not preclude the sentencing issue she presents.

Appellant has raised a substantial question to the extent that she contends the sentencing court failed to consider the mandatory factors set forth in Section 9721(b). *See Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa.Super. 2006). However, appellant's claim that her sentence was excessive and the court did not consider the Section 9721(b) factors is without any support in the record. At sentencing, the court explained:

> THE COURT: Okay. All right. The Court has considered the Pennsylvania Sentencing Code, the presentence report and the Pennsylvania Guidelines on sentencing.
>
> The Court has also considered the statements of defense counsel, the defendant and the attorney for the Commonwealth.
>
> The Court has considered Miss Yacobozzi's age, her background, character and rehabilitative needs, the nature, circumstances and seriousness of the offenses, the protection of the community, and the defendant's performance while under supervision.
>
> It is clearly to the defendant's credit that she has come forward, pled guilty and accepted responsibility for her behavior. It is unfortunate that she comes before the Court with significant prior criminal history, which gives her a prior record score of five, and the sentencing guideline ranges that are [6 to] 16 months in the standard range, and a minimum of 19 months in the aggravated range.
>
> The defendant, on the plus side, besides pleading guilty, is the fact she did have a number of years where she was clean and sober and productive, and that is to her credit. It is unfortunate that at the present time, there is a warrant out for her extradition to the State of Ohio for the crime of larceny.

It is unfortunate at the present time, there is a detainer on her by the state for violation of her sentence and supervision at Docket 0087 of 2003, and it is also unfortunate that the defendant -- for the defendant, that this is the third time she is facing a revocation at that very same docket.

She was revoked in both 2004, and given a state sentence, revoked in 2006, and given a state sentence, and after all of that, and numerous attempts to help the defendant rehabilitate herself, she is back before the Court on three separate theft related charges.

So in weighing all of those things, it appears, Miss Yacobozzi, at this time, you are on the short end of the weight. It is indeed, unfortunate, because not only did you know better, you also knew you had an addiction, and you knew the tools that were necessary to deal with that addiction, and you discarded those, and you made your choices, and now you're facing the consequences, and certainly, the consequences are not going to be any better than the last time you made choices and faced the consequences.

Sentencing hearing, 8/14/14 at 25-27.

Clearly, appellant's sentence fell well within the sentencing guidelines based on her prior record score, which was a five. Further, the sentencing court is presumed to have considered and weighed the appropriate factors where it reviews a presentence report. ***Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa.Super. 2006). In addition, the court discussed, at length, appellant's criminal history, her drug addiction, and need for rehabilitation. Accordingly, appellant's sentences were not unreasonable.

Having determined that the instant appeals are wholly frivolous and, after our own independent review, that there are no other issues of arguable merit apparent from the record, we will grant Attorney Merski's petitions to withdraw and affirm the judgments of sentence.

Petitions to withdraw granted. Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2015